IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>APPROXIMATELY $23,500.00 IN<br>U.S. CURRENCY,<br><br>　　　　　Defendant. | 1:06-cv-00798-AWI-SMS<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Trial Expert Disclosure Deadline: 10/17/06<br><br>Non-Expert Discovery Deadline: 8/20/07<br><br>Dispositive Motion Filing Deadline: 11/20/07<br><br>Settlement Conference Date: *not applicable at this time*<br><br>Pre-Trial Conference Date: 1/18/08, 8:30am, Ctrm. 2/**AWI**<br><br>Trial Date: 3/24/08, 9:00am, Ctrm. 2/**AWI** (CT ~ 1-2 days) |

　　1.　Date of Scheduling Conference:

　　　　September 20, 2006.

　　2.　Appearances of Counsel:

　　　　Assistant United States Attorney Stephanie Hamilton Borchers appeared on behalf of plaintiff, and e-filed Plaintiff's Scheduling Report on September 13, 2005 (Doc. 9).

//

1    Pro Se Claimant, Guy Andrew Guerra, DID NOT appear or
2 otherwise contact the court and/or opposing counsel, and did not
3 participate in the preparation of a Joint Scheduling Report as
4 required by the court's standard Order Setting Mandatory Scheduling
5 Conference, e-filed June 22, 2006 (Doc. 3-1), page 3, lines 17-22.
6    3.   The Pleadings:
7       A.   Summary of the Pleadings.
8            <u>Plaintiff's Contentions</u>
9            This is an *in rem* civil forfeiture action.  In its
10 Verified Complaint for Forfeiture *In Rem*, the Government alleges
11 that the approximately $23,500.00 in U.S. Currency ("defendant
12 currency") constitutes moneys furnished or intended to be furnished
13 by any person in exchange for a controlled substance or listed
14 chemical, all proceeds traceable to such an exchange and/or was
15 used or intended to be used to facilitate one or more violations of
16 21 U.S.C. § 841 *et seq*., and is therefore subject to forfeiture to
17 the United States pursuant to 21 U.S.C. § 881(a)(6).
18           The defendant currency was seized from Guy Andrew
19 Guerra during a traffic stop on Highway 99 in Turlock, CA, on
20 February 4, 2006, along with approximately 176.4 grams of
21 marijuana; approximately 64.1 grams of marijuana seeds; a digital
22 scale; marijuana smoking paraphernalia; approximately 8.1 grams of
23 psilocybin mushrooms; and, a large empty black duffle bag that
24 smelled strongly of marijuana.
25           Guy Guerra filed an answer on September 5, 2006, but
26 has not filed a claim; and alleges that he is an innocent owner, or
27 part owner, of the seized property; and, denies that the property
28 is subject to the provisions of 21 U.S.C. § 881(a)(b).

2

1     B.   Orders Re: Amendment of Pleadings.
2          Plaintiff contends no amendments are proposed at
3 this time.
4     4.   Factual Summary:
5     A.   Admitted Facts which are deemed proven without
6 further proceedings.
7          (1)   Plaintiff believes it is uncontested that the
8 Government filed a Verified Complaint for Forfeiture *In Rem* on June
9 22, 2006.
10         (2)   Plaintiff believes that the defendant currency
11 was arrested on July 7, 2006, pursuant to a Warrant and Summons for
12 Arrest issued on June 22, 2006.
13    B.   Contested Facts.
14         (1)   Plaintiff contends the facts are as alleged in
15 the Verified Complaint.
16    5.   Legal Issues:
17    A.   Uncontested.
18         (1)   Plaintiff believes jurisdiction pursuant to 28
19 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.
20         (2)   Plaintiff believes venue pursuant to 28 U.S.C.
21 § 1395.
22    B.   Contested.
23         (1)   Plaintiff contends the defendant currency is
24 subject to forfeiture.
25    6.   Discovery Plan and Cut-Off Dates:
26         Plaintiff contends that due to the nature of this case,
27 plaintiff does not believe that initial disclosures are necessary
28 or appropriate.

Plaintiff will focus discovery on identifying the source of the defendant currency and Guy Guerra's alleged ownership interest.

Plaintiff does not believe that non-retained percipient witness experts, such as law enforcement officers, need to be disclosed as experts, or reports produced, under FRCP Rule 26(a)(2), but agrees that any expert "retained or specially employed" by either party shall be disclosed, and a report produced, in accordance with FRCP Rule 26(a)(2)(B).

Plaintiff agrees that, to the extent that drug evidence seized has been, or will be, examined by an employee of any state, local, or federal agency, that production of the laboratory analysis, in the usual format provided to criminal defendants, will satisfy the requirement of the production of a "report" under FRCP Rule 26(a)(2)(B).

Plaintiff shall disclose the identity of an expert "retained or specially employed" to provide expert testimony.

The parties are ordered to complete all discovery pertaining to non-experts on or before August 20, 2007.

The parties are directed to disclose all trial expert witnesses, in writing, on or before October 19, 2007. The written designation of experts shall **be made pursuant to F.R.Civ.P. Rule 26(a)(2), (A) and (B), and shall include all information required thereunder**. Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

//

The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

7. Pre-Trial Motion Schedule:

Any Non-Dispositive Pre-Trial Motions, including any discovery motions, are heard on Fridays at 9:30 a.m. in Courtroom No. 7 on the Sixth Floor before the Honorable Sandra M. Snyder, United States Magistrate Judge.  **The parties must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.  Additionally, Local Rule 5-133(f) requires courtesy copies in excess of 25 and/or 50 pages be provided to the court**.  In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-144(e).  However, if the parties do not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

All Dispositive Pre-Trial Motions shall be filed on or before November 20, 2007, and are heard on Mondays at 1:30 p.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.  In scheduling such motions, the parties shall comply with **Local Rule 78-230**.

9. Pre-Trial Conference Date:

January 18, 2008 at 8:30 a.m. in Courtroom No. 2 on the Eighth Floor before the Honorable Anthony W. Ishii, United States District Judge.

           Ten (10) days prior to the Pretrial Conference, the
parties shall exchange the disclosures required pursuant to
F.R.Civ.P. 26(a)(3).
           The parties are ordered to file a **JOINT Pretrial
Statement pursuant to Local Rule 16-281(a)(2)**.  The parties are
further ordered to submit a digital copy of their Joint Pretrial
Statement in WordPerfect 11[1] format to Judge Ishii's chambers by
e-mail to AWIOrders@caed.uscourts.gov.
           The parties' attention is directed to **Rules 16-281 and
16-282 of the Local Rules** of Practice for the Eastern District of
California as to their obligations in preparing for the Pre-Trial
Conference.  **The Court will insist upon strict compliance with
those Rules**.
      9.   Trial Date:
           March 24, 2008 at 9:00 a.m. in Courtroom No. 2 on the
Eighth Floor before the Honorable Anthony W. Ishii, United States
District Judge.
           A.   This is a court trial.
           B.   Counsels' Estimate of Trial Time:
                1-2 days.
           C.   The parties' attention is directed to **Rule 16-285 of
the Local Rules** of Practice for the Eastern District of California.
      10.  Settlement Conference:
           Should the parties desire a Settlement Conference, they
will jointly request one of the Court, and one will be arranged.

---

[1] If WordPerfect 11 is not available to the parties, then the latest version of WordPerfect, or any other word processing program in general use for IBM compatible personal computers, is acceptable.

6

1  In making such a request, the parties are directed to notify the
2  Court as to whether or not they desire the undersigned to conduct
3  the Settlement Conference or to arrange for one before another
4  judicial officer.
5       11.  Request for Bifurcation, Appointment of Special Master,
6  or other Techniques to Shorten Trial:
7            Plaintiff contends not applicable at this time.
8       12.  Related Matters Pending:
9            Plaintiff contends there are no pending related matters.
10      13.  Compliance with Federal Procedure:
11           The Court requires compliance with the Federal Rules of
12 Civil Procedure and the Local Rules of Practice for the Eastern
13 District of California.  To aid the Court in the efficient
14 administration of this case, all parties are expected to
15 familiarize themselves with the Federal Rules of Civil Procedure
16 and the Local Rules of Practice for the Eastern District of
17 California, and to keep abreast of any amendments thereto.  The
18 Court must insist upon compliance with these Rules if it is to
19 efficiently handle its increasing caseload.  Sanctions will be
20 imposed for failure to follow the Rules as provided in both the
21 Fed.R.Civ.P. and the Local Rules.
22      14.  Compliance with Electronic Filing Requirement:
23           On January 3, 2005, the United States District Court for
24 the Eastern District of California became an electronic case
25 management/filing district (CM/ECF).  Unless excused by the Court,
26 or by Local Rule, attorneys shall file all documents electronically
27 as of **January 3, 2005** in all actions pending before the court.
28 While Pro Se Litigants are exempt from this requirement, the court

7

1  will scan in all documents filed by pro se litigants, and the
2  official court record in all cases will be electronic.  Attorneys
3  are required to file electronically in pro se cases.  More
4  information regarding the Court's implementation of CM/ECF can be
5  found on the court's web site at www.caed.uscourts.gov, including
6  the Court's Amended Local Rules effective January 3, 2005, the
7  Court's CM/ECF Final Procedures, and the Court's CM/ECF User's
8  Manual.
9       While the Clerk's Office will not refuse to file a
10 proffered paper document, the Clerk's Office will scan it and, if
11 improperly filed, notify the Court that the document was filed in
12 an improper format.  An order to show cause (OSC) may be issued in
13 appropriate cases regarding an attorney's disregard for the
14 requirement to utilize electronic filing, or other violations of
15 these electronic filing procedures.  See L.R. 11-110, L.R.
16 5-133(d)(3).
17       If counsel has not already done so, counsel **must** register
18 for CM/ECF as soon as possible.  On-line registration is available
19 at www.caed.uscourts.gov.  Once registered, counsel will receive a
20 login and password in approximately one (1) week.  Counsel must be
21 registered to file documents on-line.  See L.R. 5-135(g).  Counsel
22 are responsible for knowing the rules governing electronic filing
23 in the Eastern District.  Please review the Court's Local Rules
24 effective January 3, 2005, available on the Court's web site.
25      15.  Effect of this Order:
26           The foregoing Order represents the best estimate of the
27 Court and plaintiff's counsel as to the agenda most suitable to
28 bring this case to resolution.  The trial date reserved is

specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this Order cannot be met, the parties are ordered to notify the Court *immediately* so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations and, where appropriate, attached exhibits which establish good cause for granting the relief requested.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE IMPOSITION OF SANCTIONS.**

IT IS SO ORDERED.

**Dated:   September 20, 2006**          /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE